## Case No. 2,680.

### CHILDS v. LENIG.

[1 Wall. Jr. 305.][1]

Circuit Court, E. D. Pennsylvania. April 12, 1849.

PRACTICE—AMENDMENT OF PLEADINGS.

A defendant will not be allowed, as a matter of course, to put in new pleas in this court as in state courts, on the trial of a case. The court speaks of the practice of so doing as vexatious, and one which will be allowed only where a good reason is shewn for it, and then, generally speaking, only upon terms.

The "patent act," as it is called, of July 4th, 1836, § 15 (5 Stat. 123), "permits" a defendant, in suits brought for infringement, to plead the general issue in a variety of cases, which the act specifies, and to give any special matter in evidence of which he may have given thirty days' notice to the plaintiff. And the judiciary act of September 24th, 1789, § 32 (1 Stat. 91), gives authority to the court to "permit either of the parties to amend any defect in the impleadings," upon such conditions as the court may prescribe.

This cause was now called on for trial; and the defendant having pleaded the general issue, and given the thirty days' notice of his special matter, Mr. Cuyler and J. Fallon, asked leave to put in several special pleas, some of which, it was said, covered the same ground as the special matter, and others of which were new defences, which, however, might have been pleaded generally, with notice. They offered to the plaintiffs, if there was any surprise on them, to continue the case till next term, but shewed no reason, except the omission of their client to inform them of all his defences, why the pleas had not been put in, or notice given of their effect, thirty days before the trial.

Mr. Titus and Mr. Stephens, for the plaintiffs, objected to the new pleas being put in now. The pleas were a surprise; and a trial, not a continuance, was wanted by the plaintiff, who had brought many witnesses from a distance.

GRIER, Circuit Justice. This practice of putting in new pleas at the moment of trial, which we derive from the state courts, is a very vexatious one; and we are not disposed at all to encourage it here. The practice puts it in a defendant's power to put off the suit almost as often as it is brought to trial; for if the new pleas are artfully drawn (as they may be on purpose), and suddenly sprung upon the counsel, he may naturally not wish to reply to them on the spot. Even in the state, while I presided in a judicial district there, though I could not, under the state law, prevent a party from putting in new pleas, I have generally done

whatever I fairly could to discourage it beyond the strict requirements of the act. But in this court we are under no obligation to allow pleas to be thus put in. It is a privilege which the court may permit in its discretion. In the state courts it is different. "The defendant," says the state act, act of March 21st, 1806, may "alter his plea or defence on or before the trial, * * * and if by such alteration or amendment the adverse party is taken by surprise, the trial shall be postponed until the next court." The defendant must, in this court, shew something which addresses itself to our conscience; and even then we should probably continue the cause only on terms; as, for example, the payment of costs of the term.